IN THE __CIRCUIT__ COURT OF THE __FIRST__ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

__MYERS JAMES L__                                                                        PLAINTIFF

VS.                                                             NO. __251-12-000688-CIV__

__CITY OF JACKSON MS ET AL__                                                  DEFENDANT

I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE, AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET BOOK NO. __12__ PAGE NO. __688__ TO WIT:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE __25TH__ DAY OF __SEPTEMBER__, __2012__.

**BARBARA DUNN, CIRCUIT CLERK**
HINDS COUNTY, MISSISSIPPI

BY _____ D.C.

CCKCTF1

FILED
AUG 24 2012
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**JAMES L. MYERS**  PLAINTIFF

VS.  CASE NO. 251-12-688CIV

THE CITY OF JACKSON, MISSISSIPPI;
JACKSON MUNICIPAL AIRPORT AUTHORITY
BOARD OF COMMISSIONERS; AND JACKSON
MUNICIPAL AIRPORT AUTHORITY  DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff James L. Brown and brings this action against his former employer, Defendants, The City of Jackson, Mississippi, Jackson Municipal Airport Authority Board of Commissioners, and Jackson Municipal Airport Authority. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to race discrimination in the terms and conditions of his employment with Defendants  The actions of the Defendants described herein constitute violations of Title VII and 42 U.S.C. § 1981 through 1983.

### THE PARTIES

1.    Plaintiff is an adult African American male resident of Rankin County, Mississippi residing at 327 Fannin Landing Circle, Brandon, Mississippi 39047.

2.    Defendant, The City of Jackson, Mississippi, is a political subdivision responsible for the Jackson Municipal Airport Authority Board of Commissioners and the Jackson Municipal Airport.  The City of Jackson, Mississippi has a principal place of

business at 219 South President Street, Jackson, Mississippi 39205 and may be served with process through the City Clerk Brenda Pree at: 219 South President Street, Jackson, Mississippi 39205.

3. Defendant, Jackson Municipal Airport Authority Board of Commissioners, is a subdivision of the City of Jackson and has a principal place of business at 100 International Drive, Suite 300, Jackson, Mississippi 39208 and may be served with process through the City Clerk Brenda Pree at: 219 South President Street, Jackson, Mississippi 39205.

4. Defendant, Jackson Municipal Airport Authority, is a subdivision of the City of Jackson and has a principal place of business at 100 International Drive, Suite 300, Jackson, Mississippi 39208 and may be served with process through the City Clerk Brenda Pree at: 219 South President Street, Jackson, Mississippi 39205.

## JURISDICTION

5. This court has concurrent civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under 42 U.S.C. § 1981 through 1983 and Title VII of the Civil Rights Act of 1964.

6. This Court has concurrent federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

8. Plaintiff timely filed a Charge of Discrimination with the EEOC, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on December 24 2008, a true and correct copy of which is attached as Exhibit "B."

Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendant in October, 2008, as a Police Officer.

10. Between the years of 2008 and 2010, Plaintiff tested for the position of Sargeant, but never made it. The testing that was administered was not carried out properly. Plaintiff voiced his concerns through the proper chain of command regarding the testing procedure. Plaintiff later sent a letter to a board member requesting them to look into the selection process. In June 2010, a Sargeant promotion was held again, testing was different and fair. Plaintiff was promoted to Sargeant on June 26, 2010.

11. Plaintiff is a firearms instructor. He began instructing several Caucasian and African American police officers. Lieutenant Terry Miller, Plaintiff's supervisor, is over firearms. Lieutenant Miller's girlfriend, Tonora Humphrey, was one of the police officers that Plaintiff was instructing. Lieutenant Miller would come to the practices and he would train and instruct Ms. Humphrey himself. Plaintiff spoke with Lieutenant Miller about this, stating that he did not think this was appropriate. Lieutenant Miller became very upset with him. After this incident, Lieutenant Miller began to create a very intimidating and hostile working relationship towards the Plaintiff.

12. Plaintiff was in charge of an officer, James Wilson, who was a problem employee. When Plaintiff became Sargeant he was told he was in charge of Mr. Wilson and he needed to work with him on his job responsibilities. Mr. Wilson would come to work late, call in sick, or not come in at all. Plaintiff tried many times to work with Mr. Wilson on his job performance. Plaintiff would report to his supervisor, Lieutenant Terry Miller, and

3

to upper-management verbally and in writing about Mr. Wilson's progress. Mr. Wilson was finally sent home for three days as discipline for his actions. Plaintiff was commended by upper management for doing a great job with Mr. Wilson.

13. Mr. Wilson, after returning to work on August 14, 2011, filed a grievance against Plaintiff with Commander Randolph for unfair treatment, discrimination, and harassment. This complaint was not filed through the correct chain of command, which is company policy.

14. On August 16, 2011, Commander Randolph and Lieutenant Terry Miller served Plaintiff with a written reprimand charging him with inappropriate conduct, discrimination, harassment and unlawful treatment. Plaintiff was told that his job was at stake and he was ordered to attend anger management classes for three months. Plaintiff was told that if he wanted to keep his job he had to attend these classes and that he did not have a choice in this matter. Ms. Renee Woodward, a member of Human Resources, had Plaintiff sign a form stating that he agreed to participate in the classes due to him have a sickness, and the Plaintiff would be responsible for the bill. The letter also stated that if Plaintiff violated any other policy, he would be terminated.

15. Plaintiff lost many of his privileges, and job duties. He was threatened repeatedly. He was limited to making any arrest, and if he did, he was to report to his supervisor, Lieutenant Miller first.

16. Plaintiff continued to do his job, knowing that it was on the line. He began to feel like he was walking on egg shells all the time and was afraid this would affect his work performance. Plaintiff felt like he was being set up for termination.

17. Plaintiff decided to file a grievance. Plaintiff followed proper procedure and

4

went through all chain of command. Plaintiff also advised all parties that he could not afford to loose his job and that he could accept the way they wanted him to perform his job if this would solve things.

18.  Plaintiff ask CEO, Dirk Vanderleest, and all other parties involved if the reprimand could be removed from his record. Each one denied him, giving him different reasons why it could not be removed.

19.  At this time, Plaintiff decided to seek advise on the harassment he was going through at his job. Plaintiff filed a charge of discrimination and harassment with the EEOC.

20.  Plaintiff, Lieutenant Miller, and Lieutenant Marsailis were all called in for a meeting with CEO, Dick Vanderleest. This meeting was on communicating with each other. Mr. Vanderleest informed them that it had come to his attention that someone had gone outside his department with a complaint to the board. Mr. Vanderleest made it clear to them that if this should happen again, that he will not hesitate to fire that person.

21.  Plaintiff continued to do his job, keeping in mind that his job was on the line.

22.  On October 26, 2011, while driving one of the supervisors vehicles, Plaintiff scraped the right front bumper and broke the marker lamp off the vehicle on a pole. There were dents made to the vehicle. Plaintiff, after accessing the damages, decided that he could fix the vehicle himself. Plaintiff went to Wal-mart to get lunch and something to remove the paint from the bumper. Plaintiff also called Lieutenant Miller to let him know what was going on. Lieutenant Miller informed him not to do anything, just stand by while he made a couple of phone calls and he would call him back. Lieutenant Miller called back and ask Plaintiff what his location was. He told Plaintiff not to drink or eat anything and return to the terminal that he had to be drug tested. Plaintiff was taken to River Oaks

Hospital by Lieutenant Miller and Rhonda Knight from Human Resources to be drug tested. All test were performed, and all came back negative. Later, Plaintiff received a certified letter informing him that his accident was under investigation. Plaintiff was shocked. He has documentation of numerous wrecks, violations, and careless acts by other employees while using a company vehicle and not one of them was ever put under investigation.

23. On January 3, 2012, Plaintiff was called in into the training room by Lieutenant Terry Miller, and was joined by Commander Raudolph. Plaintiff was handed a letter of termination, a reason was not given. He was told to take off his gun, and clean out his desk. At a later date, when Plaintiff filed for unemployment, the Defendant responded in their paperwork that Plaintiff failed to comply with a direct order he was given on October 26, 2011.

24. Plaintiff was terminated because CEO Dirk Vanderleest found out that he filed a complaint with the EEOC. Defendant retaliated by against Plaintiff for filing an EEOC Charge of Discrimination by terminating him.

## CAUSES OF ACTION

### COUNT ONE: RACE DISCRIMINATION-VIOLATION OF TITLE VII & 42 U.S.C. § 1981 through 1983

25. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Defendants actions constitute unlawful discrimination on the basis of race in violation of Title VII and 42 U.S.C. § 1981 through 1983.

27. As a direct and proximate result of Defendants unlawful, discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other

6

pecuniary loss.

28. The unlawful actions of the Defendants complained of above were intentional, malicious and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT TWO: VIOLATIONS OF TITLE VII and 42 U.S.C. § 1981 through 1983 - RETALIATION

29. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 28.

30. After Plaintiff made his complaint regarding the racial discrimination, the Defendant condoned and permitted unlawful retaliation against Plaintiff.

31. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

32. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 through 1983 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

a. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendants'

7

  unlawful conduct;

b. Compensatory damages against Defendants in an amount to be determined by the jury;

c. Punitive damages against Defendants in an amount to be determined by the jury;

d. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII and 42 U.S.C. § 1981 through 1983; and

e. Such further relief as is deemed just and proper.

THIS the 22nd day of August, 2012.

          Respectfully submitted,

          JAMES L. MYERS, PLAINTIFF

          By:_____
          Louis H. Watson, Jr.  (MB# 9053)
          Nick Norris (MB# 101574)
          Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 North State Street
Jackson, Mississippi 39202
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@louiswatson.com

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 423-2012-00555 and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. James Myers | (601) 201-8596 | 12-16-1954 |

Street Address: 327 Fannin Landing Circle, Brandon, MS 39047

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JACKSON EVERS INTERNATIONAL AIRPORT | Unknown | |

Street Address: 100 International Drive Main Term, Jackson, MS 39232

RECEIVED JAN 10 2011 EEOC/JAO

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-03-2012   Latest: 01-03-2012
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On January 3, 2012, I was discharged. I was employed in the position of Police Sergeant.

II. I was given no reason for my discharge.

III. I believe I have been discriminated against in violation of Title VII of The Civil Rights Act of 1964 as amended, in retaliation for filing a recent EEOC charge (423 2012 00196) regarding racial (Black) harassment.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 04, 2012 — James T. Myers
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS (month, day, year)

EXHIBIT A

EEOC Form 5-B (10/96)

U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

To: Mr. James Myers
327 Fannin Landing Circle
Brandon, MS 39047

From: U.S. EEOC (Jackson Area Office)
100 West Capitol Street, Suite 338
Jackson, MS 39269

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423 2012 00555 | Kimberly Knighten, Enforcement Investigator | (601) 948 8445 |

*(See also the additional information attached to this form.)*

**Notice to the Person Aggrieved:**

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any** violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Wilma Scott, Area Director

5/31/12
*(Date Mailed)*

Enclosure(s)

cc:  Director of Human Resources
Jackson Evers International Airport
100 International Drive Main Term
Jackson, MS 39232

Jennifer Hall
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Meadowbrook Office Park
4268 I 55 North,   Jackson, MS 39211



EXHIBIT B

Information Related to Filing Suit
Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

Private Suit Rights --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### Private Suit Rights -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

### Attorney Representation -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### Attorney Referral and EEOC Assistance -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*If You File Suit, Please Send a Copy of Your Court Complaint to This Office.*

FILED

SEP 12 2012

BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES L. MYERS              PLAINTIFF

v.            Civil Action No. 251-12-688 CIV

THE CITY OF JACKSON, MISSISSIPPI;
JACKSON MUNICIPAL AIRPORT AUTHORITY
BOARD OF COMMISSIONERS; AND JACKSON
MUNICIPAL AIRPORT AUTHORITY           DEFENDANTS

### AGREED ORDER OF DISMISSAL

The City of Jackson and Plaintiff having agreed to and announced to the Court that Plaintiff has agreed to dismiss the City of Jackson from this matter, and the Court being desirous that the City of Jackson be dismissed as a party.

**IT IS ORDERED** that the City of Jackson, Mississippi is hereby dismissed with prejudice as to Plaintiff's claims against the City of Jackson. Further, both the City and Plaintiff shall bear their own costs.

SO ORDERED, this the 12th day of September, 2012.

_____
HINDS COUNTY CIRCUIT JUDGE

AGREED:

_____
LOUIS WATSON, MSB # 9053
COUNSEL FOR THE PLAINTIFF

_____
PIETER TEEUWISSEN, MSB#8777
CITY ATTORNEY
CLAIRE BARKER, MSB#101312
DEPUTY CITY ATTORNEY
COUNSEL FOR THE DEFENDANT

BOOK 742 PAGE 745