IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES L. MYERS**                                                                            **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 3:12-cv-669-WHB-LRA**

**JACKSON MUNICIPAL AIRPORT
AUTHORITY BOARD OF COMMISSIONERS
AND JACKSON MUNICIPAL AIRPORT AUTHORITY**         **DEFENDANTS**

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT BY DEFENDANT,
JACKSON MUNICIPAL AIRPORT AUTHORITY**</u>

Defendant, Jackson Municipal Airport Authority ("JMAA" or "Defendant"), submits its Answer and Affirmative Defenses to the Complaint of Plaintiff, James L. Myers ("Plaintiff"), as follows:

The initial unnumbered paragraph of the Complaint does not require a response. However, to the extent that the statements contained in that paragraph imply any wrongdoing or liability as to JMAA, or purport to waive any defense on the part of JMAA, those statements are denied.

<u>**THE PARTIES**</u>

1. JMAA lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 1 of the Complaint; therefore, those allegations are denied.

2. On or about September 12, 2012, the City of Jackson was dismissed with prejudice from this litigation; therefore, JMAA neither admits nor denies the allegations contained in Paragraph 2 of the Complaint.

3. JMAA admits that the Jackson Municipal Airport Authority Board of Commissioners was created by the Jackson City Council and that Commissioners are appointed by the Mayor of the City of Jackson with consent of the Jackson City Council. JMAA states that the Board of Commissioners may be served with process through the Jackson Municipal Airport Authority's Chief Executive Officer, Dirk B. Vanderleest, at 100 International Drive, Suite 300, Jackson, Mississippi 39208. The remaining allegations contained in Paragraph 3 of the Complaint, if any, are denied.

4. JMAA admits that it is a municipal airport authority and political subdivision of the State of Mississippi organized by the City of Jackson, Mississippi under the Mississippi Airport Authorities Law, §§ 61-3-1, *et seq.*, Mississippi Code of 1972, as amended; and that it may be served with process through its undersigned counsel. JMAA denies the remaining allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION

5. The allegations contained in Paragraph 5 of the Complaint purport to state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 5 imply any liability or wrongdoing as to JMAA, or purport to waive any defense on the part of JMAA, those allegations are denied.

6. The allegations contained in Paragraph 6 of the Complaint purport to state legal conclusions to which no response is required. To the extent that the allegation in Paragraph 6 implies any liability or wrongdoing as to JMAA, or purports to waive any defense on the part of JMAA, the allegation is denied.

7. The allegations contained in Paragraph 7 of the Complaint purport to state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 7

imply any liability or wrongdoing as to JMAA, or purport to waive any defense on the part of JMAA, those allegations are denied.

8. JMAA admits that Plaintiff, at some point, filed a Retaliation Charge with the Equal Employment Opportunity Commission ("EEOC"), as set forth in Exhibit "A" of the Complaint and that the EEOC issued a Notice of Right to Sue as set forth in Exhibit "B" of the Complaint; however, JMAA denies the allegations contained in Exhibit A.  Exhibit B speaks for itself and requires no response.  To the extent that the allegations contained in Paragraph 8 of the Complaint or any of its Exhibits imply any liability or wrongdoing on the part of JMAA, or purport to waive any defense on the part of JMAA, those allegations are denied.

## STATEMENT OF FACTS

9. JMAA admits that it hired Plaintiff on or about November 2, 2007 as a Law Enforcement Officer.

10. JMAA admits that Plaintiff applied and tested for the position of Sergeant. JMAA also admits that JMAA promoted Plaintiff to the position of Sergeant in June 2010. JMAA denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. JMAA admits that during his employment at JMAA, Plaintiff provided firearms instruction to JMAA law enforcement officers.  JMAA denies the remaining allegations found in Paragraph 11 of the Complaint.

12. JMAA admits that Plaintiff had supervisory responsibilities over other public safety employees. JMAA denies the remaining allegations contained in Paragraph 12 of the Complaint.  JMAA also states that it is not required to provide information concerning non-party employees' work performance in response to Plaintiff's Complaint.

13. JMAA lacks sufficient information regarding the allegations found in Paragraph 13 and therefore denies the same.

14. JMAA admits that the Plaintiff received a written reprimand that, inter alia, ordered the Plaintiff to attend anger management and diversity training and that said written reprimand speaks for itself. To the extent that the allegations contained in Paragraph 14 of the Complaint imply any liability or wrongdoing on the part of JMAA, or purport to waive any defense on the part of JMAA, those allegations are denied.

15. JMAA denies the allegations contained in Paragraph 15 of the Complaint.

16. JMAA denies the allegations contained in Paragraph 16 of the Complaint.

17. JMAA admits that the Plaintiff filed a formal grievance. JMAA denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. JMAA admits that the Plaintiff sought to have the written reprimand removed from his personnel file. JMAA denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. JMAA admits that Plaintiff, at some point, filed a Discrimination Charge with the EEOC; however, JMAA denies the allegations contained in Plaintiff's Discrimination Charge. To the extent that the allegations contained in Paragraph 19 of the Complaint or the Discrimination Charge imply any liability or wrongdoing on the part of JMAA, or purport to waive any defense on the part of JMAA, those allegations are denied.

20. JMAA denies the allegations contained in Paragraph 20 of the Complaint.

21. JMAA denies the allegations contained in Paragraph 21 of the Complaint.

22. JMAA admits that the Plaintiff damaged a JMAA police patrol car when he hit a security system bollard on airport property. JMAA admits that the Plaintiff left the scene of the

collision in direct violation of JMAA's policies. JMAA also admits that Plaintiff was subsequently taken to River Oaks to complete alcohol and drug testing. JMAA denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. JMAA admits that it terminated Plaintiff's at-will employment on January 3, 2012, and JMAA admits that the Plaintiff was required to remove his firearm and clean out his desk following his termination from JMAA. JMAA denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. JMAA denies the allegations contained in Paragraph 24 of the Complaint.

### CAUSES OF ACTION
### COUNT ONE: RACE DISCRIMINATION – VIOLATION OF TITLE VII & 42 U.S.C. § 1981 through 1983

25. JMAA incorporates by reference the defenses and denials as previously set forth as if fully rewritten herein.

26. JMAA denies the allegations contained in Paragraph 26 of the Complaint, and JMAA denies that Plaintiff can state a cause of action under 42 U.S.C. § 1981 against a governmental entity such as JMAA.

27. JMAA denies the allegations contained in Paragraph 27 of the Complaint.

28. JMAA denies the allegations contained in Paragraph 28 of the Complaint.

### COUNT TWO: VIOLATIONS OF TITLE VII and 42 U.S.C. § 1981 through 1983

29. JMAA incorporates by reference the defenses and denials as previously set forth as if fully rewritten herein.

30. JMAA denies the allegations contained in Paragraph 30 of the Complaint.

31. JMAA denies the allegations contained in Paragraph 31 of the Complaint.

32. JMAA denies the allegations contained in Paragraph 32 of the Complaint. JMAA denies that Plaintiff can state a cause of action under 42 U.S.C. § 1981 or recover punitive damages from a governmental entity such as JMAA.

## PRAYER FOR RELIEF

33. JMAA denies the allegations contained in Plaintiff's paragraph, beginning "WHEREFORE, PREMISES CONSIDERED," and all sub-parts thereto, and denies that Plaintiff is entitled to any judgment or relief whatsoever from JMAA.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

34. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

35. Plaintiff's Complaint fails to state a claim against JMAA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## ACCORD AND SATISFACTION

36. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

37. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRD AFFIRMATIVE DEFENSE
## PUNITIVE DAMAGES BARRED

38. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

JM MPP 1134473 v2
2918140-000087  10/01/2012

39. Plaintiff's claims for punitive damages are violative of JMAA's constitutional safeguards under the United States and Mississippi Constitutions.

40. Under the circumstances of this case, an award of punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, §§ 14, 22 and 28 of the Mississippi Constitution.

### FOURTH AFFIRMATIVE DEFENSE
### MITIGATION OF DAMAGES

41. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

42. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to appropriately mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE
### AVOIDANCE OF CONSEQUENCES

43. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

44. Plaintiff failed to take reasonable measures to avoid the consequences alleged to have been caused by JMAA.

### SIXTH AFFIRMATIVE DEFENSE
### LACHES, WAIVER, OR ESTOPPEL

45. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

46. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

47. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

48. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
## LACK OF CAUSATION

49. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

50. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are the result of Plaintiff's own actions or inactions, or the actions or inactions of third parties, such actions or inactions being the sole proximate cause of Plaintiff's alleged damages or, in the alternative, a contributing cause of such alleged damages.

## NINTH AFFIRMATIVE DEFENSE
## INDEPENDENT INTERVENING CAUSE

51. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

52. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were proximately caused by an independent intervening cause, over which JMAA had no control, nor the right to control.

JM MPP 1134473 v2
2918140-000087  10/01/2012

### TENTH AFFIRMATIVE DEFENSE
### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

53. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

54. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust his administrative remedies to the extent that Plaintiff's Complaint asserts, or attempts to assert, claims other than those raised in the Plaintiff's EEOC Retaliation Charge, attached as Exhibit "A" to the Plaintiff's Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### COMPARATIVE FAULT

55. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

56. JMAA is entitled to have the comparative fault of the parties responsible for the Plaintiff's alleged damages apportioned in accordance with Miss. Code Ann. § 85-5-7.

### TWELFTH AFFIRMATIVE DEFENSE
### REASONABLE CARE

57. JMAA incorporates by reference the defenses and denials previously set forth in its answer, as if fully rewritten herein.

58. Plaintiff's claims are barred, in whole or in part, because JMAA exercised reasonable care.

### THIRTEENTH AFFIRMATIVE DEFENSE
### FAIR AND LAWFUL TREATMENT

59. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

JM MPP 1134473 v2
2918140-000087  10/01/2012

60. Plaintiff's claims are barred, in whole or in part, because JMAA has at all times treated Plaintiff fairly and lawfully in connection with Plaintiff's employment.

### FOURTEENTH AFFIRMATIVE DEFENSE
### LEGITIMATE, NON-DISCRIMINATORY REASON

61. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

62. Plaintiff's claims are barred, in whole or in part, because actions taken by JMAA with respect to Plaintiff, if any, were taken for legitimate, non-discriminatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE
### EXCLUSIVE REMEDY PROCEDURES

63. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

64. Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Mississippi Workers' Compensation Act.

### SIXTEENTH AFFIRMATIVE DEFENSE
### LACK OF FORESEEABILITY

65. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

66. Plaintiff's claims are barred in whole or in part by the doctrine of foreseeability.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### MISSISSIPPI TORT CLAIMS ACT

67. JMAA incorporates by reference the denials previously set forth as if fully rewritten herein.

68. Plaintiff's claims are barred in whole or in part under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1, *et seq.*

## EIGHTEENTH AFFIRMATIVE DEFENSE
### LITIGATION ACCOUNTABILITY ACT

69. JMAA incorporates by reference the defenses and denials previously set forth as if fully rewritten herein.

70. In that this litigation was filed without substantial justification, JMAA is entitled to an award of attorneys' fees and costs as allowable under the Litigation Accountability Act of 1988, Miss. Code Ann. § 11-55-1, *et seq*.

## NINETEENTH AFFIRMATIVE DEFENSE
### ADDITIONAL AFFIRMATIVE DEFENSES
### AND AFTER ACQUIRED EVIDENCE

71. JMAA incorporates by reference the statements and defenses previously set forth as if fully rewritten herein.

72. Plaintiff's claims are barred, in whole or in part, by additional affirmative defenses and after acquired evidence that may arise during the proceedings.

WHEREFORE, Defendant, Jackson Municipal Airport Authority, is entitled to dismissal of the Plaintiff's Complaint with Prejudice, with cost of the action accessed against the Plaintiff. Defendant, Jackson Municipal Airport Authority, further requests any additional relief the Court deem warranted by the circumstances.

This, the 1st day of October, 2012.

                              Respectfully submitted,

                              JACKSON MUNICIPAL AIRPORT AUTHORITY

                              By its Attorneys,
                              BAKER, DONELSON, BEARMAN, CALDWELL
                              & BERKOWITZ, PC

                              /s/ Jennifer G. Hall_____
                              JENNIFER G. HALL

Alan L. Moore (MSB #3432)
D. Jeffrey Wagner (MSB #9451)
Jennifer G. Hall (MSB # 100809)
Marlena P. Pickering (MSB #102584)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
A Professional Corporation
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi  39211
Telephone:    (601) 351-2400
Facsimile:    (601) 351-2424
Email:          amoore@bakerdonelson.com
                   jwagner@bakerdonelson.com
                   jhall@bakerdonelson.com
                   mpickering@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Louis H. Watson, Jr. | louis@louiswatson.com, jessica@louiswatson.com, ldees@louiswatson.com, victoria@louiswatson.com |
| Robert Nicholas Norris | nick@louiswatson.com, jessica@louiswatson.com, nicknorris@gmail.com |

THIS, the 1st day of October, 2012.

/s/ Jennifer G. Hall_____
JENNIFER G. HALL

- 12 -